UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RAYCHEL FONTIL,

              Plaintiff,

-against-

JUDGE RONNIE ABRAMS,

              Defendant.

23-CV-4875 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Raychel Fontil, a resident of Florida, brings this *pro se* action, for which the filing fee has been paid. Plaintiff asserts that her father is Philander Philippeaux, a federal criminal defendant in the matter of *United States v. Philippeaux*, ECF 1:13-CR-0277-2, 116 (S.D.N.Y. Feb. 2, 2016), and that the Honorable Ronnie Abrams of this court violated her father's rights during his criminal proceedings in this court. The Court dismisses the complaint as frivolous.

**STANDARD OF REVIEW**

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court also may dismiss an action for failure to state a claim, "so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (citation and internal quotation marks omitted). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*,

572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they

*suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal

quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff brings this civil action "against United States District [J]udge Ronnie Abrams, for violation of civil rights and false imprisonment." (ECF 1, at 2.) Plaintiff alleges that her "father (Mr. Philippeaux) properly inquired the source of this Court's jurisdiction in front of Judge Abrams, however Judge Abrams continuously den[ied] Plaintiff's father without legally addressing the source of the court's jurisdiction." (*Id.*)

For relief, Plaintiff requests an order to enjoin Judge Abrams "from continuing to falsely imprison Plaintiff's father . . . [f]or an order to immediately release Plaintiff's father from false imprisonment . . . [and] [f]or an order directing Judge Ronnie Abrams to establish the source of this Court's Jurisdiction." (*Id.* at 5.)

Plaintiff attaches to the complaint a partial transcript from an April 15, 2013, grand jury proceeding involving Philippeaux. Plaintiff asserts that this transcript shows that (1) Philipeaux "is falsely imprisoned," and (2) "Judge Abrams commits willful blindness as she is fully approved of the facts surrounding Mr. Philippeaux's false imprisonment . . . [as she] is in possession of the grand jury's testimony's transcript[.]" (*Id.* at 4.)

According to the court's records, a jury found Philippeaux guilty of conspiracy to distribute and possess with intent to distribute cocaine, and narcotics importation conspiracy. *Philippeaux*, ECF 1:13-CR-0277, 116. The Honorable Robert W. Sweet, who presided over Philippeaux's criminal case, sentenced Philippeaux to 211 months' incarceration. Philippeaux appealed his conviction to the Court of Appeals for the Second Circuit, and on September 25, 2017, the Court of Appeals affirmed Philippeaux's conviction. *Id.* (Doc. No. 121). On July 11,

2018, Philippeaux filed a motion to vacate his judgment under 28 U.S.C. § 2255. *See Philippeaux v. United States*, ECF 1:18-CV-5974, 1 (S.D.N.Y. Mar. 9, 2020). On April 8, 2019, the Section 2255 motion, as well as the underlying criminal case, were reassigned to Judge Abrams. On March 9, 2020, Judge Abrams adopted a magistrate judge's report and recommendation that the motion be denied. *Id.* (Doc. No. 38.) Philippeaux appealed the denial of his Section 2255 motion, and on July 17, 2020, the Court of Appeals dismissed the appeal "because [Philippeaux] has not 'made a substantial showing of the denial of a constitutional right.'" *Id.* (Doc No. 56) (citing 28 U.S.C. § 2253(c)) (mandate issued on Aug. 28, 2020).

## DISCUSSION

Plaintiff brings this civil rights action, seeking Philippeaux's release from custody, based on Judge Abrams' alleged failure to establish jurisdiction of her father's prosecution. Plaintiff presumably names Judge Abrams as the Defendant because this judicial officer issued decisions in the proceeding hearing Philippeaux's Section 2255 motion. For the following three reasons, the Court finds that Plaintiff cannot bring claims against Judge Abrams seeking her father's release, and dismisses the complaint as frivolous.

First, the relief Plaintiff seeks, her father's release, cannot be raised in a civil rights action. A claim that affects the fact or duration of confinement must be brought in a Section 2255 motion. *See, e.g.*, *Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)) (noting that a petition for a writ of *habeas corpus* is the sole federal remedy for prisoner seeking to challenge the fact or duration of his confinement); *Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001) (Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence."). In any Section 2255 motion filed by a defendant in a criminal case, the defendant may challenge his judgment of conviction by asserting that "the court was without jurisdiction to impose [his] sentence." *Id.*

3

Philippeaux, in his own capacity, filed a Section 2255 motion challenging his judgment of conviction. Judge Abrams denied the motion, and the Court of Appeals dismissed the appeal. *See* ECF 1:18-CV-5974, 38, 56. The litigation of Philippeaux's Section 2255 motion afforded Philippeaux the opportunity to challenge the jurisdiction of the court. Plaintiff cannot relitigate this challenge in this new civil action.[1]

Second, although a Section 2255 motion may be brought on behalf of another person, *see* 28 U.S.C. § 2242, the individual who files such a motion "must provide an adequate explanation – such as inaccessibility, mental incompetence, or other disability – why the real party in interest cannot appear on his own behalf to prosecute the action." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). Because Philippeaux filed his own Section 2255 motion, *see Philippeaux*, 1:18-CV-5974, 1, Plaintiff cannot show that Philippeaux cannot appear on his own behalf.

Finally, although Judge Abrams is not a proper defendant in an action seeking release from federal custody,[2] she is immune from any civil action seeking injunctive relief under the doctrine of judicial immunity. Although judicial immunity does not absolutely bar a claim for prospective injunctive relief against a judicial officer acting in her judicial capacity, *Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984), in the Federal Courts Improvement Act of 1996 ("FCIA"), Congress amended 42 U.S.C. § 1983 to provide that in "any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not

---

[1] Where a defendant seeks to bring a second or successive Section 2255 motion, he must seek permission to do so from a court of appeals. *See* 28 U.S.C. § 2255(h).

[2] The United States would be the proper respondent in a motion seeking release. In a federal criminal case, the United States prosecutes a defendant; in a Section 2255 motion, the defendant is a movant, moving for relief, and the United States responds to the request for relief, as the respondent.

be granted unless a declaratory decree was violated or declaratory relief was unavailable."[3] 42 U.S.C. § 1983, as amended by FCIA, § 309(c), Pub. L. No. 104–317, 110 Stat. 3847, 3853 (1996); see Kampfer v. Scullin, 989 F. Supp. 194, 201 (N.D.N.Y. 1997) (applying Section 309(c) of the FCIA to cases involving federal judicial officers) (citing Tavarez v. Reno, 54 F.3d 109, 110 (2d Cir. 1995)).

Here, Plaintiff does not allege that any declaratory decree was violated or that declaratory relief was unavailable to her. Indeed, Plaintiff cannot allege as much because she cannot seek her father's release from custody in this civil action; as such, these two exceptions to the application of judicial immunity do not apply. Judge Abrams is therefore immune from any liability in this action, and consequently, the complaint is dismissed as frivolous. *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))); *see, e.g.*, *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) (claims dismissed because of judicial immunity are frivolous for the purpose of the *in forma pauperis* statute, 28 U.S.C. § 1915); *Sibley v. Geraci*, 858 F. App'x 415, 417 (2d Cir. 2021) (summary order) (affirming district court's dismissal of the plaintiff's claims against a federal judge under the doctrine of judicial immunity as frivolous).

---

[3] As Judge Abrams is a federal judicial officer, Section 1983 does not apply to her because that statute covers state and municipal actors. Where a plaintiff alleges that her constitutional rights were violated by employees of the federal government, courts generally construe such allegations as asserting claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). See *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("[*Bivens*] is the federal analog to suits brought against state officials under [§ 1983]."). Federal courts have analogized *Bivens* claims to those brought under Section 1983. Accordingly, Section 309(c) of the FCIA applies in cases involving federal judicial officers. See *Kampfer v. Scullin*, 989 F. Supp. 194, 201 (N.D.N.Y. 1997) (citing *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995)).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

## CONCLUSION

Plaintiff's complaint is dismissed as frivolous.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this action.

SO ORDERED.

Dated:   June 14, 2023
         New York, New York

                                                 /s/ Laura Taylor Swain
                                                  LAURA TAYLOR SWAIN
                                                  Chief United States District Judge